# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CLIFTON RULE et al**                                                                  **PLAINTIFFS**

**V.**                                           **CASE NO. 4:04CV200**

**REGION VI MENTAL HEALTH-**
**MENTAL RETARDATION COMMISSION**
**d/b/a LIFE HELP & BEACON HARBOR, INC.**           **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on the defendants' motion for summary judgment [53-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs (collectively "the employees") are several residents of Leflore County, Mississippi, all of whom are or were employed as night managers or house parents at Beacon Harbor, a residential facility for the developmentally disabled and mentally retarded, or as night resident managers at Life Help, which apparently was a similar residential facility for the mentally handicapped. The defendant is the Region VI Mental Health-Mental Retardation Commission ("the Commission") which is operated by the Life Help and Beacon Harbor facilities. The employees filed this suit both individually and on behalf of all others similarly situated,[1] alleging that the Commission improperly failed to compensate the employees with overtime pay for all time worked in excess of forty hours a week in violation of the Fair Labor Standards Act ("FLSA"). The Commission denies that it deprived any employee of overtime pay to which he or she was entitled.

---

[1] The style of the case hints at the possibility of this case being a class action suit. In fact, the plaintiffs have never filed a motion to certify class or taken any other steps towards establishing this case as a class action law suit.

The Commission now seeks summary judgment.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

I.  STATUTE OF LIMITATIONS.

The statute of limitations for actions brought under the FLSA is generally two years, but extends to three years if the particular violation at issue was "willful." 29 U.S.C. § 255(a); Singer v. City of Waco, Tex, 324 F.3d 813, 821 (5th Cir. 2003). The Court considers the question of willfulness to be a jury issue and so assumes without deciding for summary judgment purposes that the three-year statute of limitations applies. The suit was filed on July 12, 2004, and the plaintiffs are entitled to seek relief for violations which occurred after July 12, 2001.

The following plaintiffs were employed at Life Help: Evelyn Hunter, Debra Kirkwood and Shirley Woods Purnell. The undisputed facts before the Court demonstrate that Life Help changed its sleep time policy to provide full sleep time benefits to all of the named plaintiffs from March

2001 until November 2001, at which time Beacon Harbor switched to eight-hour shifts and did not require any employees to remain on the premises for a full day. The only argument submitted by the employees in response to these undisputed facts is a suggestion that the statute of limitations was tolled for violations prior to July 12, 2001 due to the continuing violation doctrine. In support of this theory, the employees rely on Hendrix v. City of Yazoo City, Miss., 744 F.Supp. 1412 (S.D. Miss. 1990). However, if the employees believe that the continuing violation doctrine will permit them to seek recovery for violations prior to July 12, 2001, they have badly misread Hendrix, which plainly limits recovery in FLSA cases to violations taking place within the statute of limitations time period. See also Halferty v. Pulse Drug Co., Inc., 821 F.2d 261 (5th Cir. 1987)("A cause of action [under the FLSA] accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed."). The three Life Help plaintiffs, by their own admission, suffered no violations of the FLSA after July 12, 2001. Accordingly, their claims are barred by the statute of limitations and summary judgment with regard to those three plaintiffs is GRANTED.

II.     THE REMAINING CLAIMS.

The remaining claims, in the Court's view, all turn on questions of disputed fact. According to Labor Department regulations governing the FLSA (which the parties agree are controlling in this case):

> [w]here an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleep period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. . . . Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping and lunch periods constitute hours worked.

29 C.F.R. § 785.22(a). The regulations further state that "[if] the sleeping period is interrupted by

a call to duty, the interruption must be counted as hours worked." 29 C.F.R. § 785.22(b).

The Commission argues that it had agreements with the remaining plaintiffs to exclude sleep time from hours worked. However, these "agreements" appear to consist of either implied agreements (in the form of references to sleep time buried in employment contracts) or verbal agreements (for which there is no evidence other than the testimony of defense witnesses). There are no express agreements pertaining to sleep time in the record before the Court, and the remaining employees have submitted affidavits flatly denying that they ever agreed to exclude sleep time. Although it is a very close case, the Court finds that disputed issues of fact pertaining to whether a valid agreement between the plaintiffs and defendants regarding sleep time had been formed. Accordingly, the motion for summary judgment is DENIED.

## CONCLUSION

Based on the foregoing analysis, it is hereby ORDERED that the defendants' motion for summary judgment [53-1] is GRANTED IN PART AND DENIED IN PART. Specifically, it is GRANTED with regard to all claims brought by plaintiffs Evelyn Hunter, Debra Kirkwood and Shirley Woods Purnell, whose claims are dismissed in their entirety. The motion is DENIED with regard to the claims of all other plaintiffs. A separate order to that effect shall issue this day.

This is the 10th day of March, 2006.

                                            **/s/ Michael P. Mills**
                                            **UNITED STATES DISTRICT JUDGE**