IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLIFTON RULE, ET AL.                                                    PLAINTIFFS

VS.                                              CIVIL ACTION NO.: 4:04CV200-MPM

REGION IV MENTAL HEALTH                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiffs' objection to the taxation of costs levied against him.[1] Plaintiffs brought suit against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") for Defendants' alleged failure to compensate Plaintiffs at the rate of one and one-half times the regular employed rate for all hours worked in excess of forty hours per week. Following a bench trial, judgment was entered in favor of Defendants. On February 26, 2008, Defendants filed a *Bill of Costs* seeking to recover $ 3,651.86 from Plaintiffs, to which Plaintiffs objected. The Clerk of Court adjudicated costs in favor of Defendants on April 16, 2008, in the amount of $ 2,083.16. Plaintiffs filed the instant motion on April 22, 2008, objecting to the Clerk of Court's adjudication and requesting that the Court overrule Clerk's award and deny Defendants costs associated with this action. For the following reasons, Plaintiffs' motion is **DENIED**.

Plaintiffs request that the Court overrule the Clerk's award because: (1) the Court's judgment did not award costs to Defendants; (2) Plaintiffs should not be required to pay costs

---

[1] Docket entry no. 107. The Court considers the response a motion for reconsideration of the Clerk of Court's award of costs.

1

merely because they unsuccessfully litigated a meritorious lawsuit; and (3) it would be inequitable and unjust to require the indigent Plaintiffs to bear the costs of Defendants.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides for the award of costs to the prevailing party "as a matter of course" absent contrary direction from the court. A prevailing party is prima facie entitled to costs, and the denial of such is in the nature of a sanction. *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *Schwartz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (court denying costs to prevailing party must give good reason for doing so). Therefore, the fact that the Court's judgment did not contain language explicitly awarding costs to Defendants is an insufficient argument to overrule the award. Similarly, Plaintiffs were required by the Federal Rules of Civil Procedure to initiate their lawsuit in good faith, and the fact that they believed their suit had merit is insufficient to overcome the presumption that Defendants are entitled to costs. *See Pacheco*, 448 F.3d at 795; Fed. R. Civ. P. 11.

Upon a determination that it would be inequitable to levy costs against an indigent losing party, the Court may, in its discretion, decline to require the party to bear costs. *See In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 463-64 (3rd Cir. 2000). However, a losing party's insolvency or indigency does not automatically exempt the party from paying costs to the prevailing party. *See Washington v. Patlis*, 916 F.2d 1036, 1039-40 (5th Cir. 1990) (affirming district court's taxation of costs against *in forma pauperis* plaintiff). Here, Plaintiffs have submitted no affidavits of indigency or other documents substantiating their respective financial situations, and their naked assertion of inability to pay does not justify a finding that it would be

inequitable to require Plaintiffs to bear costs in this case.[2] The Court determines that Defendants' award was proper, and the Clerk of Court's adjudication of costs is **AFFIRMED**.

**SO ORDERED**, this the 21st day of January, 2009.

                                                **/s/ MICHAEL P. MILLS**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**
                                                **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] Moreover, the Court notes that Plaintiffs were found to have willfully disobeyed Court orders during the course of this litigation and otherwise "needlessly delayed" proceedings. (*See* docket entry no. 48).